UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RICHARD ALAN PATE,

    Petitioner,

v.                                      CASE NO. 6:09-cv-2135-Orl-36GJK

SECRETARY, DEPARTMENT
 OF CORRECTIONS, et al.,

    Respondents.
_____/

## ORDER

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1). Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted. Thereafter, Respondents filed a response to the petition for writ of habeas corpus in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. No. 11). Petitioner filed a reply to the response (Doc. No. 27).

Petitioner alleges two claims for relief in his habeas petition: 1) the trial court erred in denying Petitioner's motion to suppress statements obtained by law enforcement; and 2) the sentence imposed by the trial court was vindictive.[1]

---

[1] Petitioner raised a third claim in his petition; however, he later withdrew the claim. *See* Doc. Nos. 20 and 21.

I.    *Procedural History*

Petitioner was charged by amended information with three counts of robbery with a deadly weapon (counts one through three) and three counts of false imprisonment (counts four through six). Prior to trial, Petitioner filed a motion to suppress all evidence taken from his residence and all of his statements to law enforcement. He claimed that the physical evidence was obtained pursuant to an illegal search without a warrant and that his statements were obtained in violation of his *Miranda*[2] rights and right to counsel. A hearing was held on the motion to suppress, and it was denied. Subsequently, a jury trial was held, and Petitioner was found guilty as to all three counts of false imprisonment and guilty of the lesser offense of robbery as to the three armed robbery counts The trial court adjudicated Petitioner guilty of the crimes and sentenced him to imprisonment for a total term of twenty years. Petitioner filed a direct appeal with the Florida Fifth District Court of Appeal, which affirmed *per curiam*.

Petitioner next filed a petition for writ of habeas corpus with the state appellate court, which was denied.

Petitioner then filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850 with the state trial court, which was denied. Petitioner appealed the denial, and the state appellate court affirmed the denial *per curiam*.

---

[2]*Miranda v. Arizona*, 384 U.S. 436 (1966).

## II. Standard of Review Under the Antiterrorism Effective Death Penalty Act ("AEDPA")

Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The phrase "clearly established Federal law," encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider." *Maharaj v. Secretary for Dep't. of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005). The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Even if the federal court concludes that the state court applied federal law incorrectly,

habeas relief is appropriate only if that application was "objectively unreasonable."[3] *Id*.

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

## III. Analysis

### A. Claim One

Petitioner was charged in both Flagler County and Brevard County with crimes related to robberies committed by luring female real estate agents into unoccupied homes and robbing them. Petitioner was convicted and sentenced with regard to the Flagler County crimes prior to the trial in this case.

Petitioner states that the trial court erred in denying his motion to suppress statements he made to law enforcement. He claims that, when officers investigating the Flagler County robberies asked if they could open his briefcase and search it, he asked to speak to an attorney. Shortly thereafter, Petitioner was transported to a local hospital

---

[3]In considering the "unreasonable application"inquiry, the Court must determine "whether the state court's application of clearly established federal law was objectively unreasonable." *Williams*, 529 U.S. at 409. Whether a state court's decision was an unreasonable application of law must be assessed in light of the record before the state court. *Holland v. Jackson*, 542 U.S. 649, 652 (2004) (*per curiam*); *cf. Bell v. Cone*, 535 U.S. 685, 697 n. 4 (2002) (declining to consider evidence not presented to state court in determining whether its decision was contrary to federal law).

4

because of chest pain. However, Petitioner admits that "less than one (1) hour" later he signed a *Miranda* waiver and gave consent to search the briefcase.[4] *See* Doc. No. 1 at 4. The next morning, after staying overnight at the hospital, Petitioner was released from the hospital and placed in the Flagler County Jail. Petitioner then had an initial appearance in Flagler County, and counsel was appointed on his behalf. Detectives from Brevard County subsequently visited him at the Flagler County Jail, and, although he expressed concern about needing a lawyer, he "submitted to the interview during which he confessed to the robberies attributed to him." *Id*. According to Petitioner, his "requests for counsel made to law enforcement during the first custodial interviews were valid for the interview by the Brevard County detectives." *Id*. This claim was raised on direct appeal.

To the extent Petitioner has raised a Fourth Amendment challenge to his confessions, the Court notes that, in *Stone v. Powell*, 428 U.S. 465 (1976), the Supreme Court established a general rule that criminal defendants may not seek collateral review of Fourth Amendment claims under section 2254.[5] The Supreme Court declared that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was

---

[4]*Miranda v. Arizona*, 384 U.S. 436 (1966).

[5]*Stone* involved physical evidence seized in a search held to violate the Fourth Amendment. However, the Supreme Court subsequently held that the *Stone* doctrine also applied to a Fourth Amendment challenge to a confession, if it was voluntary and obtained in accordance with *Miranda*. *See Cardwell v. Taylor*, 461 U.S. 571, 572-73 (1983).

introduced at his trial." *Id.* at 481. The Supreme Court based its decision on a concern for judicial economy, stating that the "justification [for the exclusionary rule] becomes minimal where . . . a prisoner . . . previously has been afforded the opportunity for full and fair consideration of his search-and-seizure claim at trial and on direct review. " *Id.* at 486.

In the instant case, *Stone* clearly prevents Petitioner from raising a Fourth Amendment claim. The record in this case indicates beyond question that Petitioner received a full and fair hearing in the state trial court on his claim, and the treatment of the matter was fair and candid. The Court finds that Petitioner was afforded a full and fair opportunity to litigate and have this claim adjudicated in the state courts, and he should not be permitted to further relitigate the same issue. *See Harris v. Dugger*, 874 F.2d 756, 761 (11th Cir. 1989).

The Court further notes that Petitioner does not contend that he was denied the opportunity to present facts to the trial court or to argue the claim before an appellate court, and, in fact, he did both. Therefore, Petitioner's Fourth Amendment challenge must fail.

Petitioner also mentions that there was a violation of his Fifth and Fourteenth Amendment rights. However, on direct appeal, he made no reference or argument as to those Amendments. Therefore, he is procedurally barred from doing so here. *See McNair v. Campbell,* 416 F.3d 1291, 1302 (11th Cir. 2005) (habeas petitioners generally cannot raise claims in federal court if those claims were not first exhausted in state court.; *Anderson v. Groose*, 106 F.3d 242, 245 (8th Cir. 1997) (to avoid defaulting on a claim, a petitioner seeking

habeas review must present to the federal court the same factual arguments and legal theories that were presented to the state court).

Furthermore, the record clearly shows that Petitioner's waiver of his *Miranda* rights was free and knowing. At the evidentiary hearing on his motion to suppress, Petitioner testified that he had spoken to the Flagler County officers because he wanted "to get this done." (Appendix B at 74-75.) When the Brevard County officers asked to speak with him, Petitioner testified, he agreed because he "had already spoken to the other detectives about the same things. It seemed like why not, what's left. They already know everything anyway. That's what I felt about it." *Id*. at 78. He also testified that the Brevard County officers read the *Miranda* form to him and that he understood it. *Id*. at 90. He stated that initially he was not sure, but ultimately he made up his mind to speak to the officers. *Id*. at 90-91. He testified that the officers never coerced or threatened him. *Id* at 90-91.

Thus, it is apparent that Petitioner never invoked his *Miranda* rights, never asked for an attorney, and never stated that he was unwilling to speak with the officers. In addition, Petitioner was not coerced or threatened into giving his statement. The statements to the officers were freely and knowingly given, and Petitioner has failed to show any basis for relief.[6] As such, Petitioner has not shown that the state court's denial of this claim was

---

[6]Contrary to Petitioner's assertions, the Court notes that the Sixth Amendment right to counsel is offense specific, and it cannot be invoked once for all future prosecutions, for it does not attach until a prosecution is commenced. *McNeill v. Wisconsin*, 501 U.S. 171, 175 (1991). Moreover, an invocation of the Sixth Amendment right to counsel does not constitute an invocation of the *Miranda* right to counsel derived from the Fifth Amendment right against compelled self-incrimination. *Id*. at 180-82.

"contrary to, or involved an unreasonable application of, clearly established federal law" or was "based on an unreasonable determination of the facts in light of the evidence." 28 U.S.C. § 2254(d).

### B. *Claim Two*

Petitioner states that the sentence imposed by the trial court was vindictive. According to Petitioner, the State made a pre-trial plea offer of "a thirty (30) year sentence for all charges . . . to run concurrently," and Petitioner made a counter-offer, which was rejected. *See* Doc. No. 1 at 6. Petitioner then states that, prior to jury selection, he requested that the trial court participate in "plea discussions." *Id*. Ostensibly, the trial court "rejected the Petitioner's plea offers" and advised Petitioner to "consider the State's offer." *Id.* Petitioner suggests that the trial court entered a vindictive sentence because Petitioner proceeded to trial. This claim was raised in Petitioner's Rule 3.850 motion.

Petitioner has offered no evidence of vindictive sentencing beyond his allegations that the sentence imposed by the trial court was more than the sentence offered by the State. In fact, Petitioner mentions that the plea offer was for a thirty year sentence for all charges, which was actually *more* than the twenty year sentence imposed by the trial court.

As discussed by the Eleventh Circuit Court of Appeals,

> the imposition of a longer sentence than a defendant would have received had he pleaded guilty does not automatically amount to punishment for the defendant's exercising his right to stand trial. A trial judge may reasonably increase a defendant's sentence after trial because the trial gives the judge the benefit of hearing testimony, becoming aware of the facts of the case, and understanding the flavor of the event and the impact upon any victims.

8

*Creed v. Department of Corrections*, 330 F. App'x 771, 773 (11th Cir. 2009) (citations omitted) (quotation omitted). Here, Petitioner has not shown any evidence of judicial vindictiveness in his sentence. There is no indication that 1) the trial court ever stated or implied that the imposed sentence was based on Petitioner's refusal of the plea offer, or 2) the trial court was in any manner vindictive in imposing sentence. The sentence is well-supported by the facts of the case, and Petitioner has not shown that the trial court intentionally set out to punish Petitioner for not entering a guilty plea. Therefore, Petitioner has not made out a claim of constitutionally impermissible vindictive sentencing, and this claim is denied.

Moreover, the state court's rejection of this claim was not in conflict with clearly established federal law or based on an unreasonable determination of the facts, and its result should not be disturbed.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus (Doc. No. 1) filed by Richard Alan Pate is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

2. The Clerk of the Court shall enter judgment accordingly and close this case.

3. This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner has failed to make a substantial showing of the denial of a

constitutional right.⁷ Accordingly, a Certificate of Appealability is **DENIED** in this case.

**DONE AND ORDERED** in Chambers in Orlando, Florida, this 19th day of July, 2012.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
OrlP-2 7/19
Counsel of Record
Richard Alan Pate

---

⁷Pursuant to Rule 11 of the *Rules Governing Section 2254 Cases In the United States District Courts*,

> The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.